434 F.2d 189
 Airman First Class Thomas G. ZENOR, Jr., Plaintiff-Appellant,
v.
Lieutenant Colonel William J. VOGT et al., Defendants-Appellees.
 No. 29923. Summary Calendar.*
*(1) Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
 
 431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Nov. 9, 1970.
 Stewart J. Alexander, San Antonio, Tex., for appellant.
 Seagal V. Wheatley, U.S. Atty., Hugh P. Shovlin, Asst. U.S. Atty., San Antonio, Tax., for appellees.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 On December 12, 1969, on Lackland Air Force Base, Thomas G. Zenor, Jr., went to Mitchell Hall, where he and his companions sat around, talking and drinking beer. During the course of the evening, another Airman by the name of Watson joined the group. With some verbal comments and by dancing with Zenor's girl friend, Watson aroused Zenor's displeasure. Watson told Zenor to look him up 'if he thought he was so tough'. Later that same evening Zenor responded to the challenge, went to Watson's barracks, also on Lackland Air Force Base, struck Watson several times, and knocked him down.
 
 
 2
 As might have been expected, this caused Zenor to be charged with striking Watson in the mouth and other parts of the body, Article 128, U.C.M.J. 10 U.S.C. 928.[1]
 
 
 3
 Because of threatening language which Zenor allegedly used at Mitchell Hall, he was also charged with a violation of 134 U.C.M.J., 10 U.S.C. 934. These charges were later dismissed.
 
 
 4
 Zenor promptly filed suit in the United States District Court for a temporary restraining order and permanent injunction against the enforcement of 10 U.S.C. 928 and 10 U.S.C. 934, asserting that said statutes are repugnant to the United States Constitution. More specifically, it was urged that the trial of 'civil' crimes, such as assaults, by military courts-martial violates Article III and the Fifth and Sixth Amendments to the Constitution.
 
 
 5
 The district court dismissed the complaint for lack of jurisdiction. Zenor appeals. We affirm.
 
 
 6
 In O'Callahan v. Parker, 1969, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291, the Supreme Court held that to be under military jurisdiction a crime must be service connected; that in the absence of such a connection a defendant is entitled to a civilian trial with the benefit of an indictment by a grand jury and trial by a jury.
 
 
 7
 We are of the opinion, however, that the principles enunciated in O'Callahan do not apply to Zenor. O'Callahan was an Army Sergeant. While away from his military post with permission, in civilian attire, he broke into a hotel room, assaulted a girl, and attempted rape. The Supreme Court held that there was not even a remote connection between O'Callahan's crimes and his military duties, that his offenses were peace time offenses which did not involve military authority, security, or property. Therefore, he had to be prosecuted as a civilian.
 
 
 8
 Zenor's case has no resemblance to that of O'Callahan. Zenor at all times was on a military post. His offense was committed against another member of the Armed Forces. His conduct did involve military authority and did involve the security of another Airman.
 
 
 9
 This situation, in our opinion, falls squarely within the language of Article I, 8, cl. 14, of the Constitution. Therefore, Article 128 of the Uniform Military Code was clearly applicable and not unconstitutional.
 
 The judgment of the district court is
 
 10
 Affirmed.
 
 
 
 [1]
 928. Art. 128. Assault
 (a) Any person subject to this chapter who attempts or offers with unlawful force or violence to do bodily harm to another person, whether or not the attempt or offer is consummated, is guilty of assault and shall be punished as a court-martial may direct.
 (b) Any person subject to this chapter who--
 (1) commits an assault with a dangerous weapon or other means of force likely to produce death or grievous bodily harm; or
 (2) commits an assault and intentionally inflicts grievous bodily harm with or without a weapon;
 is guilty of aggravated assault and shall be punished as a court-martial may direct.